724 F.Supp. 259 (1989)
MINPECO, S.A., Plaintiff,
v.
Nelson Bunker HUNT, William Herbert Hunt, International Metals Investment Co., Ltd., Naji Robert Nahas, Gilion Financial, Inc., Advicorp Advisory and Financial Corporation, S.A., and Mahmoud Fustok, Defendants.
No. 81 Civ. 7619 (MEL).
United States District Court, S.D. New York.
November 8, 1989.
Cole Corette & Abrutyn, Washington, D.C. (Mark A. Cymrot, Thomas O. Gorman and Roger A. Colaizzi, Washington, D.C., and Grand & Ostrow, New York City, of counsel), for plaintiff Minpeco, S.A.
Kaye, Scholer, Fierman, Hays & Handler, New York City (Paul J. Curran, Michael Malina, Aaron Rubinstein and David S. Copeland, of counsel), and Gardere & Wynne, Dallas, Tex. (Robert E. Wolin, of counsel), for defendants Nelson Bunker Hunt and William Herbert Hunt.
Doar, Devorkin & Rieck, New York City (John J. Rieck, Jr., of counsel), and Thomas J. Curnes, Dallas, Tex., for defendant Intern. Metals Inv. Co., Ltd.
LASKER, District Judge.
By decision of July 18, 1989, 718 F.Supp. 168, the motions of Nelson Bunker Hunt, William Herbert Hunt and Mahmoud Fustok for judgment notwithstanding a verdict or for a new trial were denied. The Hunts and International Metals Investment Co., Ltd. ("IMIC") now move for "reargument and reconsideration" of that portion of the court's decision which relates to plaintiff's RICO claim. The motion is made "in light of the United States Supreme Court's very *260 recent decision construing the RICO statute in H.J. Inc. v. Northwestern Bell Tel. Co., ___ U.S. ___, 109 S.Ct. 2893, 106 L.Ed.2d 195" which was decided by the Supreme Court on June 26, 1989, that is, three weeks prior to the court's decision of July 18, 1989.
The defendants claim first, that H.J. Inc. "provides a definition of RICO's `pattern' requirement that Minpeco's proof at trial utterly failed to meet" and second, that Justice Scalia's concurring opinion on behalf of four justices criticizing the difficulty of defining the RICO statutory phrase "pattern of racketeering activity" rings so clear a bell that this court should declare the RICO statute unconstitutional for vagueness. The motion is denied.
The defendants misread H.J. Inc. as holding that the "continuity" requirement of the statute demands that the racketeering enterprise be actually in existence at the time of trial. I find nothing in H.J. Inc. to suggest that an enterprise which has acquired such momentum as to threaten continuity at the time complained of by the plaintiffs is not actionable because it was terminated by outside forces operating on the defendants prior to trial.
In any event, the charge to the jury on the subject was consistent with the holding of H.J. Inc. The jury was informed that to find the defendants liable under RICO it had to conclude that the plaintiffs had established by a preponderance of the evidence "that the association was for an on-going purpose which had no obvious terminating goal. The association, in other words, must constitute an enterprise, the purpose of which was continuing rather than one with a short-lived goal". (Trial Transcript "TR" at 16731). The defendants did not object to the instruction, (TR 15634), which paraphrased their own proposed instruction. The evidence before the jury was sufficient to meet the requirements of the court's instruction and of the H.J. Inc. definition.
The motion to declare RICO void for vagueness is denied. It is incredible that such a motion should be made at the end of 1989 in a case which originated eight years earlier, and which has gone through record-setting motion practice as well as a six month trial and the disposition of post-trial motions. To say that the motion is not timely is a crying understatement.
Moreover, in spite of the interest created in the legal profession by the challenging remarks contained in Justice Scalia's concurrence, and although he spoke for three other Justices, his concurrence does not constitute a formal development of the law which would justify declaring the statute unconstitutional at this stage of the exhaustive proceedings in this case.
The motion is denied.
It is so ordered.